**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
SCOTT R. GOLDBERG, #015082
CODY J. JESS, #025066
Attorneys for the Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MCCALLISTER PROPERTIES, LLC, a Delaware limited liability company; CENTREPOINTE DEVELOPMENT- GLOBAL VISION INVESTMENT FUND LIMITED PARTNERSHIP, a Delaware limited partnership; CENTREPOINTE DEVELOPMENT INVESTMENT FUND GP, LLC, a Delaware limited liability company; CENTREPOINTE DEVELOPMENT, LLC, an Arizona limited liability company; CENTREPOINTE HOLDINGS, LLC, an Arizona limited liability company; CENTREPOINTE DEVELOPMENT - LANESBOROUGH ASSET MANAGEMENT INVESTMENT FUND LIMITED PARTNERSHIP, a Delaware limited partnership; CENTREPOINTE DEVELOPMENT OPPORTUNITY FUND LIMITED PARTNERSHIP, an Arizona limited partnership; CENTREPOINTE DEVELOPMENT - CARTER EVANS INVESTMENT FUND LIMITED PARTNERSHIP, a Delaware limited partnership; RNFI UNLIMITED LLC, a Delaware limited liability company; RNFI UNLIMITED LLC, an Arizona limited liability company,<br><br>                      Debtors.<br><br>THIS FILING APPLIES TO:<br><br>  _X_   All Debtors<br><br>  ____   Specified Debtors | CHAPTER 11<br><br>Case No. 2-12-bk-01288-GBN<br><br>JOINTLY ADMINISTERED WITH:<br><br>2-12-bk-01446-SSC<br>2-12-bk-01448-RJH<br>2-12-bk-01449-RTB<br>2-12-bk-01452-RTB<br>2-12-bk-01622-CGC<br>2-12-bk-01624-GBN<br>2-12-bk-01627-RJH<br>2-12-bk-01648-CGC<br>2-12-bk-01649-SSC<br><br>**SUPPLEMENTAL DECLARATION OF RONALD K. FRANDSEN** |

I, RONALD K. FRANDSEN, declare as follows:

1. I am a resident of Maricopa County, Arizona, and am over the age of 18 years.

2. I submit this declaration in support of the *Debtors' Initial Response to United States Trustee's Motion to Appoint a Chapter 11 Trustee or Examiner Pursuant to 11 U.S.C. §§ 105 and 1104 and Request for Evidentiary Hearing Pursuant to Local Bankruptcy Rule 9014-2(b)* (the "**Response**").

3. I previously submitted a declaration in this case [DE 12]. That prior declaration is incorporated herein by this reference.

4. I have reviewed the United States Trustee's (the "**Trustee**") *Omnibus Statement of Facts in Support of: 1. Motion to Appoint a Chapter 11 Trustee or Examiner Pursuant to 11 U.S.C. §§ 105 and 1104; and Request for Expedited Hearing; and 2. Any Subsequent Motions or Objections* (the "**SOF**") [DE 66].

5. Capitalized terms shall have the meanings given to them in the *Debtors' Controverting Statement of Fact Filed in Support of its Opposition to Motion for Appointment of a Chapter 11 Trustee or Examiner*.

6. I formed RNFI Arizona, Portcullis Arizona, and other entities to acquire the assets that had been purchased with monies that the Debtor Funds had received from the Investors. This was accomplished through the Asset Purchase Agreements, in which assets, many in the form of limited liability companies, were sold to entities that I controlled. In connection with the Asset Purchase Agreements, no purchase money changed hands. Instead, the acquiring entities assumed the liabilities that the seller or the purchased assets had directly or indirectly to the Investors. The purposes of these agreements were to place assets in my control and to ensure that the liabilities related to those assets followed their transfer into the acquiring entity. One such agreement is an asset purchase agreement between Hyde Park as seller and RNFI Arizona as buyer. Pursuant thereto, RNFI Arizona acquired virtually all of the media related assets, but also assumed liabilities owed to the Investors.[1]

---

[1] The relationship among RNFI Arizona, RNFI Delaware and Portcullis requires an explanation. Frandsen formed Portcullis to, among other things, acquire all of CPD's interests. He also formed RNFI Delaware at or

7. It is my understanding that Shaffer, as the CRO, owes fiduciary duties to the Debtors' estates to preserve and recover estate assets. Under the agreement between RNFI Arizona and Shaffer, Shaffer has the authority to liquidate assets and to prosecute any and all legal claims subject only to the approval of the Bankruptcy Court, and to the Investors' wishes. It is my understanding that as the representative of the Debtors' estates, Shaffer has the full authority given to a debtor-in-possession pursuant to Code § 1107, including prosecuting all causes of action.

8. The persons identified in subparagraphs (c) through (f) of the Trustee's SOF 27 are believed to be brokers that introduced the Investors to the Debtor Funds or indicated that they would do so. Another task assigned to Shaffer is to determine the extent to which these brokers and other third parties may be financially liable to the estates.

9. The real property referenced in subparagraph (e) of the Trustee's SOF No. 29 was originally acquired with monies that the Debtor Funds received, and then was transferred to an entity that I controlled after Tiller abandoned CentrePointe. I then transferred the property to myself so that I could obtain a $425,000 loan, the proceeds of which I then used to pay the Debtors' bills.

10. I recorded a UCC-1 financing statement related to an investment that was made in an entity called Virtual Office Global, L.L.C., which is an entirely unrelated entity to either the Debtors or their affiliated entities. I believe I had a fiduciary duty to record the UCC-1 financing statement, the purpose of which was to protect the Debtors' assets. At the time, I did not recognize that the financing statement should have been recorded with the Secretary of State. This improper recording has been or shortly will be corrected.

11. Stewart Title sent the Debtors a cease and desist letter and barred Tiller from using escrow accounts with Stewart Title for "non-permitted uses." The term "non-permitted use" likely refers

---

about the same time to acquire the Media Assets. However, the Hyde Park Agreement mistakenly listed RNFI Arizona as the buyer. By the time Frandsen discovered this mistake, that agreement could not be amended because Tiller had left the country. Frandsen did the next best thing by forming RNFI Arizona. Hence, RNFI Delaware was the intended buyer under the Hyde Park Agreement and RNFI Arizona was actually formed after that agreement was executed.

to any unauthorized use of the Investor funds that the Debtor Funds received. The Investor funds were initially received into accounts created at Stewart Title and were often disbursed from escrow accounts at Stewart Title. Shaffer is tasked with determining the culpability of Stewart Title, if any.

12. CentrePointe's real estate projects, which were specifically approved under the offering memoranda provided to Investors, were divorced from all other "non- permitted uses" of the funds that the Debtor Funds received from the Investors. I managed the real estate projects, but was kept in the dark by Tiller regarding the "non-permitted uses."

13. I managed CentrePointe's real estate projects. The duties that I performed, and that are discussed by the Trustee in SOF 49 are consistent with those that a project manager would perform.

14. When Tiller offered me control of CentrePointe, my primary concern was the ability to keep the real estate projects viable, since this had been my area of responsibility for the prior two years.

15. I originally formed RNFI Delaware as the purchasing entity under the Portcullis Agreement. After the Portcullis Agreement was signed, however, I realized that the purchasing entity was mistakenly described as RNFI Arizona. By this time, Tiller had vanished, so the Portcullis Agreement could not be corrected to reflect RNFI Unlimited, LLC (Delaware) as the purchaser. So I did the next best thing by forming RNFI Arizona. I declare under penalty of perjury that the foregoing is true and correct.

///
///
///
///
///
///
///
///
///

DATED this 22nd day of March, 2012.


                                                    /s/ RONALD K. FRANSEN
                                                    Ronald K. Frandsen

COPY of the foregoing e-mailed
this 22nd day of March, 2012, to:

Patty Chan, Esq.
U.S. Trustee's Office
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
patty.chan@usdoj.gov

Alan A. Meda, Esq.
Stinson Morrison Hecker, LLP
1850 North Central Avenue, #2100
Phoenix, Arizona 85004-4584
Attorneys for Lanesborough Funds PPC;
Global Vision International Fund II;
Lawshare Nominees; Fidelis Management
ameda@stinson.com


/s/ JULIE LARSEN